ORIGINAL

ORIGINAL
FILED
08 NOV 13 PH 2:44
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

E-filing

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy.. Suite 300
3  San Rafael, CA 94903
   Telephone:   415/674-8600
4  Facsimile:   415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

10              UNITED STATES DISTRICT COURT          JCS

11             NORTHERN DISTRICT OF CALIFORNIA

12  CRAIG YATES, an individual; and      **C 08 · 5159**
13  DISABILITY RIGHTS, ENFORCEMENT. )    **CASE NO**
    EDUCATION, SERVICES:HELPING YOU)     **Civil Rights**
14  HELP OTHERS, a California public benefit )  **COMPLAINT FOR INJUNCTIVE RELIEF**
    corporation,                         )  **AND DAMAGES:**
15                                       )
         Plaintiffs,                     )  **1st CAUSE OF ACTION:** For Denial of Access
16                                       )  by a Public Accommodation in Violation of the
    v.                                   )  Americans with Disabilities Act of 1990 (42
17                                       )  U.S.C. §12101, *et seq.*)
                                         )
18  GRAHAM CENTER, LLC,                  )  **2nd CAUSE OF ACTION:** For Denial of Full
                                         )  and Equal Access in Violation of California
19       Defendant.                      )  Civil Code §§54, 54.1 and 54.3
    _____ )
20                                          **3rd CAUSE OF ACTION:** For Denial of
                                            Accessible Sanitary Facilities in Violation of
21                                          California Health & Safety Code §19955, *et seq.*

22                                          **4th CAUSE OF ACTION:** For Denial of
                                            Access to Full and Equal Accommodations,
23                                          Advantages, Facilities, Privileges and/or
                                            Services in Violation of California Civil Code
24                                          §51, *et seq.* (The Unruh Civil Rights Act)

25

26
                                            **DEMAND FOR JURY**
27

28

   COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                        1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendant GRAHAM CENTER, LLC and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' GRAHAM CENTER, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September 5, 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6, 2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1, 2008 and November 5, 2008, (group one dates) and on or about December 10, 2007, December 12, 2007, December 20, 2007, July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008, October 27, 2008, October 28, 2008 and October 31, 2008, (group two dates), was an invitee, guest, patron, customer at defendants' Ping's Mandarin Restaurant, in the City of San Rafael, California, which is one of the public accommodations within the GRAHAM CENTER.  The other accommodations are: Club 101 (a bar); Copi Com; Dr. Brain (computer service); New Home/Green Depot; and Learning Center.  At said time and place, defendants failed to provide proper legal access to the Ping's Restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to signage, parking, entrance, men's restroom at Ping's and women's restroom at Ping's.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   The denial of access was in violation of both federal and California legal requirements, and

2   plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was

3   embarrassed and humiliated.

4   **JURISDICTION AND VENUE:**

5       3.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

6   §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

7   Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

8   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

9   California law, whose goals are closely tied with the ADA, including but not limited to violations

10  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

11  *seq.*, including §19959; Title 24 California Building Standards Code.

12      4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

13  founded on the facts that the real property which is the subject of this action is located at/near

14  818 Francisco Boulevard West, in the City of San Rafael, County of Marin, State of California,

15  and that plaintiffs' causes of action arose in this county.

16  **PARTIES:**

17      5.   Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

18  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

19  disabled", "physically handicapped" and "person with physical disabilities" are used

20  interchangeably, as these words have similar or identical common usage and legal meaning, but

21  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

22  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

23  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

24  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

25  and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a

26  wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that

27  portion of the public whose rights are protected by the provisions of Health & Safety Code

28  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

2 | Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

3 | §12101, *et seq.*

4 | 6. Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

5 | HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

6 | with persons with disabilities to empower them to be independent in American society. DREES

7 | accomplishes its goals and purposes through education on disability issues, enforcement of the

8 | rights of persons with disabilities, and the provision of services to persons with disabilities, the

9 | general public, public agencies and the private business sector. DREES brings this action on

10 | behalf of its members, many of whom are persons with physical disabilities and whom have

11 | standing in their right to bring this action.

12 | 7. That members of DREES, like plaintiff CRAIG YATES, will or have been guests

13 | and invitees at the subject GRAHAM CENTER and Ping's Restaurant, and that the interests of

14 | plaintiff DREES in removing architectural barriers at the subject GRAHAM CENTER advance

15 | the purposes of DREES to assure that all public accommodations, including the subject Ping's

16 | Mandarin Restaurant, are accessible to independent use by mobility-impaired persons. The relief

17 | sought by plaintiff DREES as alleged herein is purely statutory in nature.

18 | 8. Defendant GRAHAM CENTER, LLC (hereinafter alternatively collectively

19 | referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners,

20 | lessors and/or lessees, of the public accommodation known as GRAHAM CENTER and Pings

21 | Mandarin Restaurant, located at/near 817 Francisco Boulevard West, San Rafael, California, or

22 | of the building and/or buildings which constitute said public accommodation.

23 | 9. At all times relevant to this complaint, defendant GRAHAM CENTER, LLC,

24 | owns and/or operates in joint venture the subject GRAHAM CENTER and Ping's Mandarin

25 | Restaurant as a public accommodation. This business is open to the general public and conducts

26 | business therein. The business is a "public accommodation" or "public facility" subject to the

27 | requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

28 | *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     At all times relevant to this complaint, defendant GRAHAM CENTER, LLC is jointly and severally responsible to identify and remove architectural barriers at the subject GRAHAM CENTER and Ping's Mandarin Restaurant pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201          General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.     Ping's is a restaurant, located at/near 817 Francisco Boulevard West, San Rafael, California and is, but one public accommodation that comprises the GRAHAM CENTER which is itself a public accommodation.  The GRAHAM CENTER, other public accommodations which comprise it, is each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the GRAHAM CENTER, Ping's Mandarin Restaurant and each of its facilities, its signage, parking, entrance, men's restroom at Ping's and women's restroom at Ping's to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.     At all times stated herein, plaintiff CRAIG YATES was a member of DREES and a member of the Marin Coalition.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1         13.     At all times referred to herein and continuing to the present time, defendants, and

2   each of them, advertised, publicized and held out the GRAHAM CENTER and the other public

3   accommodations which comprise it, i.e. Ping's Restaurant, as being handicapped accessible and

4   handicapped usable.

5         14.     On or about March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September

6   5, 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6,

7   2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1,

8   2008 and November 5, 2008, (group one dates) and on or about December 10, 2007,

9   December 12, 2007, December 20, 2007, July 16, 2008, August 1, 2008, August 18, 2008,

10  October 7, 2008, October 27, 2008, October 28, 2008 and October 31, 2008, (group two dates),

11  plaintiff CRAIG YATES was an invitee and guest at the subject GRAHAM CENTER and Ping's

12  Restaurant, for purposes of attending meetings for the Marin Coalition in the banquet room of

13  Ping's Restaurant or dining individually in the Ping's Restaurant dining area.

14        15.     At all times stated herein, the parking stalls for the disabled were not properly

15  graded and/or signed.  The parking for the disabled in front of Ping's was literally in a gully.

16        16.     At all times stated herein, the entry door handle at the Ping's Restaurant was

17  broken and repaired in such a way that the handle was too high from the ground to make it

18  accessible.  Further, the door pressure was and is excessive.

19        17.     On or about March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September

20  5, 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6,

21  2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1,

22  2008 and November 5, 2008, Plaintiff CRAIG YATES attended meetings of the Marin Coalition

23  in the Ping's Restaurant banquet room.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    18.    On or about December 10, 2007, December 12, 2007, December 20, 2007,

2    July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008, October 27, 2008,

3    October 28, 2008 and October 31, 2008, plaintiff CRAIG YATES either ate by himself, with

4    others or ordered food to-go from Ping's Mandarin Restaurant.  If plaintiff CRAIG YATES ate at

5    Ping's for these dates, it would've been in the regular dining room area.

6    19.    On or about April 4, 2007, plaintiff CRAIG YATES while at Ping's Restaurant

7    needed to use a restroom.  Plaintiff CRAIG YATES asked where the restroom was located.

8    Plaintiff CRAIG YATES was told by the manager where the men's restroom was located.

9    Plaintiff wheeled to the men's restroom but could not gain entry nor could he, plaintiff CRAIG

10   YATES close the restroom door, because the restroom door was too narrow and swung into the

11   restroom.

12   20.    At said time and place, plaintiff CRAIG YATES was escorted by the manager to

13   the women's restroom, but it too was inaccessible due to a narrow door and the door swung into

14   the restroom.

15   21.    At said times and place, plaintiff CRAIG YATES, believes there is an inadequate

16   number of parking stall(s) for the disabled.

17   22.    On or about January 25, 2008, plaintiff CRAIG YATES wrote both the landlord

18   and the tenant concerning the parking and restroom issues.

19   23.    On or about February 8, 2008, a representative of Ping's informed plaintiff

20   CRAIG YATES, that they discussed the issues with the landlord and that the landlord would

21   contact plaintiff CRAIG YATES, directly.

22   24.    On or about February 18, 2008, Benjamin R. Winslow of GRAHAM CENTER

23   wrote plaintiff CRAIG YATES, regarding plaintiff CRAIG YATES's January 25, 2008, letter.

24   Mr. Winslow asked plaintiff CRAIG YATES to contact him regarding input concerning

25   improvements to the restrooms.

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     Plaintiff CRAIG YATES chose not to respond because he had detailed in his letter, the two major problems, how the fix could be accomplished and also provided two sources from which to secure information on barrier removal.

26.     On or about, or during one of plaintiff CRAIG YATES's visits to Ping's in July or August of 2008, plaintiff CRAIG YATES spoke with the manager of Ping's as to when access would be provided specifically inquiring about the parking, door and restroom(s).   The substance of the response was that the landlord was working on it.

27.     At all times stated herein, plaintiff CRAIG YATES encountered all the same architectural barriers,  to wit:

- non-compliant signage;
- non-compliant parking;
- non-compliant entrance door; and
- non-compliant restrooms.

28.     At all times stated herein, when plaintiff CRAIG YATES needed to use a restroom, plaintiff CRAIG YATES would wheel out of Ping's Restaurant, accoss the parking lot to Office Depot and use its accessible restroom.

29.     On or about November 5, 2008, plaintiff CRAIG YATES encountered all barriers stated herein.  However, during the course of the meeting, plaintiff CRAIG YATES needed to use an accessible restroom.  Plaintiff CRAIG YATES wheeled toward the women's restroom but saw that he could still not access the water closet.  Plaintiff attempted to wheel from Ping's to Office Depot.  Before plaintiff CRAIG YATES could leave Ping's, plaintiff CRAIG YATES urinated on himself.

30.     At said time and place, plaintiff CRAIG YATES informed the manger "Paul," as to what happened and inquired as to when the restroom would be made accessible.  Paul responded in substance, "the owners looked at both restrooms and decided nothing could be done."  Plaintiff CRAIG YATES was shocked and emotionally outraged.

///

////

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject GRAHAM CENTER and Ping's Mandarin Restaurant which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

   a.   lack of directional signage to show accessible routes of travel, i.e. entrances;

   b.   lack of the requisite type and number of disabled parking stall(s);

   c.   lack of handicapped accessible parking signage;

   d.   lack of tow-a-way signage;

   e.   lack of an accessible entrance at Ping's Restaurant duce to excessive door pressure and inadequate door handle placement;

   f.   lack of a handicapped-accessible women's public restroom;

   g.   lack of a handicapped-accessible men's public restroom; and

       On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

32.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

33.     On or about January 25, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Ping's Restaurant provided a response on February 8, 2008 and defendant GRAHAM CENTER provided a response on February 18, 2008.  Neither response met the conditions set forth in plaintiff CRAIG YATES's letters dated January 25, 2008.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

34.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent a disabled person from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

35.     As a legal result of defendant GRAHAM CENTER, LLC's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

36.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

37.     Plaintiff further suffered bodily injury on or about November 5, 2008 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing women's restroom, plaintiff urinated on himself attempting to access the women's restroom, and being compelled to attempt to wheel to Office Depot.

38.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which could cause plaintiff CRAIG YATES harm as stated herein.

40. Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendant GRAHAM CENTER, LLC, because defendant GRAHAM CENTER, LLC maintained a Commercial Center, restaurant and bar without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, entrance, men's restroom at Ping's, women's restroom at Ping's , and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

41. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

42. Plaintiffs, as described hereinbelow, seek injunctive relief to require the GRAHAM CENTER and Ping's Mandarin Restaurant to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Center and Restaurant as a public facility.

43. Plaintiffs seek damages for violation of their civil rights on March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September 5, 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6, 2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1, 2008 and November 5, 2008, (group one dates) and on December 10, 2007, December 12, 2007, December 20, 2007, July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008, October 27, 2008, October 28, 2008 and October 31, 2008, (group two dates)and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   have been completed under the standard that the landlord and tenant had an ongoing duty to

2   identify and remove architectural barriers where it was readily achievable to do so, which deterred

3   plaintiff CRAIG YATES  from returning to the subject public accommodation because of his

4   knowledge and/or belief that neither some or all architectural barriers had been removed and that

5   said premises remains inaccessible to persons with disabilities whether a wheelchair user or

6   otherwise.

7        44.    On information and belief, defendants have been negligent in their affirmative duty

8   to identify the architectural barriers complained of herein and negligent in the removal of some or

9   all of said barriers.

10       45.    Because of defendants' violations, plaintiffs and other persons with physical

11  disabilities are unable to use public facilities such as those owned and operated by defendants on a

12  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

13  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

14  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

15  defendants to make the GRAHAM CENTER and Ping's Mandarin Restaurant accessible to

16  persons with disabilities.

17       46.    On information and belief, defendants have intentionally undertaken to modify and

18  alter existing building(s), and have failed to make them comply with accessibility requirements

19  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

20  of them, in failing to provide the required accessible public facilities at

21  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

22  despicable conduct carried out by defendants, and each of them, with a willful and conscious

23  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

24  trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

25  profound example of defendants, and each of them, to other operators and landlords of other

26  Commercial Centers and Restaurants and other public facilities, and to punish defendants and to

27  carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47.     Plaintiffs are informed and believe and therefore allege that defendant GRAHAM
CENTER, LLC, and each of them, caused the subject building(s) which constitute the GRAHAM
CENTER and the Ping's Restaurant to be constructed, altered and maintained in such a manner
that persons with physical disabilities were denied full and equal access to, within and throughout
said building(s) of the Center and the Restaurant and were denied full and equal use of said public
facilities.  Furthermore, on information and belief, defendants have continued to maintain and
operate said Center and Restaurant and/or its building(s) in such conditions up to the present time,
despite actual and constructive notice to such defendants that the configuration of GRAHAM
CENTER and/or its building(s) is in violation of the civil rights of persons with physical
disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the
disability community which DREES serves.  Such construction, modification, ownership,
operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,
51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

48.     On personal knowledge, information and belief, the basis of defendants' actual and
constructive notice that the physical configuration of the facilities including, but not limited to,
architectural barriers constituting the GRAHAM CENTER and Ping's Restaurant and/or
building(s) was in violation of the civil rights of persons with physical disabilities, such as
plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff
CRAIG YATES himself, commercial centers, owners of other restaurants, hotels, motels - and
businesses, notices they obtained from governmental agencies upon modification, improvement,
or substantial repair of the subject premises and other properties owned by these defendants,
newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990
and other access laws, public service announcements by former U.S. Attorney General Janet Reno
between 1993 and 2000, and other similar information.  Defendants' failure, under state and
federal law, to make the GRAHAM CENTER and Ping's Restaurant accessible is further
evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated
persons with disabilities.  Despite being informed of such effect on plaintiff and other persons
with physical disabilities due to the lack of accessible facilities, defendants, and each of them,

knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the Center and Restaurant.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

49.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant GRAHAM CENTER, LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)

50.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

///
///
///
///
///
///
///

51.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

52.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

53.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment; and
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment.

42 U.S.C. §12181(7)(B)(E) and (F)

54.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

55.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///

///

> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

56.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of GRAHAM CENTER and Ping's Restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

57.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers,

2   defendants have failed to make the required services available through alternative methods which

3   were readily achievable.

4        58.   On information and belief, construction work on, and modifications of, the subject

5   building(s) of GRAHAM CENTER and Ping's Restaurant occurred after the compliance date for

6   the Americans with Disabilities Act, January 26, 1992, independently triggering access

7   requirements under Title III of the ADA.

8        59.   Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

9   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

10   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

11   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

12   are about to be subjected to discrimination in violation of §302.   Plaintiffs are deterred from

13   returning to or making use of the public facilities complained of herein so long as the premises

14   and defendants' policies bar full and equal use by persons with physical disabilities.

15        60.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

16   disability to engage in a futile gesture if such person has actual notice that a person or

17   organization covered by this title does not intend to comply with its provisions."   Pursuant to this

18   section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

19   November 5, 2008, but on information and belief, alleges that defendants have continued to

20   violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

21   access this public accommodation.   Pursuant to 42 USC §12188(a)(2), "In cases of violations of

22   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

23   facilities readily accessible to and usable by individuals with disabilities to the extent required by

24   this title."

25   ///

26   ///

27   ///

28   ///

61.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant GRAHAM CENTER, LLC, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

62.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 61 of this complaint.

63.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

64.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    65.    California Civil Code §54.1 further provides that a violation of the Americans with

2    Disabilities Act of 1990 constitutes a violation of section 54.1:

3           (d) A violation of the right of an individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336) also
4           constitutes a violation of this section, and nothing in this section
            shall be construed to limit the access of any person in violation of
5           that act.

6           Civil Code §54.1(d)

7    66.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

8    within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

9    the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific

10   architectural barrier which defendants knowingly and willfully fail and refuse to remove

11   constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and

12   continue to be denied full and equal access to defendants' GRAHAM CENTER and Ping's

13   Restaurant.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury

14   determination, in accordance with California Civil Code §54.3(a) for each day on which they

15   visited or have been deterred from visiting the Center and Restaurant because of their knowledge

16   and belief that the Center and Restaurant is inaccessible to persons with disabilities.  California

17   Civil Code §54.3(a) provides:

18          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
19          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
20          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
21          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
22          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
23          Sections 54, 54.1 and 54.2.

24          Civil Code §54.3(a)

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     On or about March 7, 2007, April 4, 2007, May 2, 2007, June 6, 2007, September 5, 2007, October 3, 2007, November 7, 2007, December 5, 2007, January 1, 2008, February 6, 2008, March 5, 2008, April 2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1, 2008 and November 5, 2008, (group one dates) and on or about December 10, 2007, December 12, 2007, December 20, 2007, July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008, October 27, 2008, October 28, 2008 and October 31, 2008, (group two dates), plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to  signage, parking, entrance, men's restroom at Ping's, women's restroom at Ping's   and other public facilities as stated herein at the GRAHAM CENTER and Ping's Restaurant and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

68.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

69.     Plaintiff CRAIG YATES further suffered bodily injury on or about November 5,  2008, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing women's restroom at Ping's Restaurant, plaintiff urinated on himself while attempting to find an accessible restroom.  Plaintiff CRAIG YATES was aware that defendant has a continuing obligation to identify and remove barriers, and a reasonable expectation that access could be provided at anytime.

70.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  architectural barriers created and maintained by the defendants in violation of the subject laws, to

2  use the public facilities hereinabove described on a full and equal basis as other persons.

3       71.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

4  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'

5  rights as persons or an entity that represents persons with physical disabilities on or about

6  March 7, 2007,  April 4, 2007, May 2, 2007, June 6, 2007, September 5, 2007, October 3, 2007,

7  November 7, 2007, December 5, 2007, January 1, 2008, February 6, 2008, March 5, 2008, April

8  2, 2008, May 7, 2008, June 4, 2008, September 3, 2008, October 1, 2008 and November 5, 2008,

9  (group one dates) and on or about December 10, 2007, December 12, 2007, December 20, 2007,

10  July 16, 2008, August 1, 2008, August 18, 2008, October 7, 2008, October 27, 2008, October 28,

11  2008 and October 31, 2008, (group two dates), and on a continuing basis since then, including

12  statutory damages, a trebling of all of actual damages, general and special damages available

13  pursuant to §54.3 of the Civil Code according to proof.

14       72.    As a result of defendants', and each of their, acts and omissions in this regard,

15  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

16  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

17  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

18  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all

19  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

20  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

21  to compel the defendants to make their facilities accessible to all members of the public with

22  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

23  the provisions of §1021.5 of the Code of Civil Procedure.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant GRAHAM CENTER, LLC inclusive)
(Health & Safety Code §19955, *et seq.*)

73.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 72 of this complaint.

74.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

75.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the GRAHAM CENTER and Ping's Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Center and Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said Center and Restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

76.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of GRAHAM CENTER and Ping's Restaurant and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

77.    Commercial Centers such as the GRAHAM CENTER are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

78.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

79.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2         80.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3    them, to make the subject place of public accommodation readily accessible to and usable by

4    persons with disabilities.

5         Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6    **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
7         AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8    (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9    corporation, and Against Defendant GRAHAM CENTER, LLC, inclusive)
     (Civil Code §51, 51.5)

10        81.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11   allegations contained in paragraphs 1 through 80 of this complaint.

12        82.    Defendants' actions and omissions and failure to act as a reasonable and prudent

13   public accommodation in identifying, removing and/or creating architectural barriers, policies,

14   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

15   Unruh Act provides:

16             This section shall be known, and may be cited, as the Unruh
17             Civil Rights Act.

18             All persons within the jurisdiction of this state are free and
          equal, and no matter what their sex, race, color, religion, ancestry,
19        national origin, or **disability** are entitled to the full and equal
          accommodations, advantages, facilities, privileges, or services in all
20        business establishments of every kind whatsoever.

21             This section shall not be construed to confer any right or
          privilege on a person that is conditioned or limited by law or that is
22        applicable alike to persons of every sex, color, race, religion,
          ancestry, national origin, or **disability.**

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

2

3

4

5

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

6

7

8

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

9

10

11

12

13

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

14

83.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

15

16

17

18

19

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

20

21

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

22

23

24

25

26

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

27

///

28

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

84.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §50, *et seq*., as if repled herein.

85.     As a legal result of the violation of plaintiff CRAIG YATES's civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general and statutory damages. Plaintiff further suffered bodily injury on or about November 5, 2008 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing restrooms, plaintiff urinated on himself.

86.     Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant GRAHAM CENTER, LLC, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant GRAHAM CENTER, LLC, inclusive, to make the GRAHAM CENTER and Ping's Mandarin Restaurant, located at 817 Francisco Boulevard West, San Rafael, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant GRAHAM CENTER, LLC, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendant GRAHAM CENTER, LLC, inclusive, to make the GRAHAM CENTER and Ping's Mandarin Restaurant, located at 817 Francisco Boulevard West, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     For all costs of suit;

6.     Prejudgment interest pursuant to Civil Code §3291;

7.     Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant GRAHAM CENTER, LLC, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant GRAHAM CENTER, LLC, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendant GRAHAM CENTER, LLC, inclusive, to make the GRAHAM CENTER and Ping's Mandarin Restaurant, located at 817 Francisco Boulevard West, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291; and

5.     Such other and further relief as the court may deem just and proper.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant GRAHAM CENTER, LLC, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     Treble damages pursuant to Civil Code §52(a);

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendant GRAHAM CENTER, LLC, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: __11/7/08__, 2008      THOMAS E. FRANKOVICH,
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                    THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and
                             DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP OTHERS, a California
                             public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: __11/7/08__, 2008      THOMAS E. FRANKOVICH,
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____
                                    THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs CRAIG YATES and
                             DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                             SERVICES:HELPING YOU HELP OTHERS, a California
                             public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

January 25, 2008

Manager
Ping's Mandarin Restaurant
817 Francisco Blvd. W
San Rafael, CA 94901

Dear Manager of Ping's Mandarin Restaurant:

Ping's is one of the best Chinese Restaurants in Marin. Good quality food, not a lot of oil and good portions. There is a problem though that I run into each time I go to Ping's. I have gone many times and each time I can't use the men's restroom. I use a wheelchair and with the door swinging in, I can't get in to close the door. So, I can't use it. Another problem is the parking stalls for the disabled are in a gully. Look outside and see what I mean. When it rains you can get really wet. Also, van lifts don't work well on uneven surfaces. The landlord shold fix the problem.

Anyway, here is what I think you should do. Make both your restrooms unisex. Put grab bars in both restrooms. Then make the Women's Restroom a "Unisex Accessible". Have the door swing into the hallway, that way a person in a wheelchair can get in and close the door.

Check out the hardware and dispensers in both restrooms so they are useable by the disabled. I am writing this same letter to the landlord so be sure the landlord gets it. The landlord should help the restaurant, right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Ping's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few
employees, that you can get a $10,000 tax credit to make your place accessible. That's a great
deal. You can get information on this from the two places I mentioned above. You should talk
to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

January 25, 2008

Owner of the Building for Ping's Mandarin Restaurant
817 Francisco Blvd. W
San Rafael, CA 94901

Dear Owner of the Building for Ping's Mandarin Restaurant:

Ping's is one of the best Chinese Restaurants in Marin. Good quality food, not a lot of oil and good portions. There is a problem though that I run into each time I go to Ping's. I have gone many times and each time I can't use the men's restroom. I use a wheelchair and with the door swinging in, I can't get in to close the door. So, I can't use it. Another problem is the parking stalls for the disabled are in a gully. Look outside and see what I mean. When it rains you can get really wet. Also, van lifts don't work well on uneven surfaces. The landlord shold fix the problem.

Anyway, here is what I think you should do. Make both your restrooms unisex. Put grab bars in both restrooms. Then make the Women's Restroom a "Unisex Accessible". Have the door swing into the hallway, that way a person in a wheelchair can get in and close the door.

Check out the hardware and dispensers in both restrooms so they are useable by the disabled. I am writing this same letter to the landlord so be sure the landlord gets it. The landlord should help the restaurant, right?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Ping's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you,

Craig Yates

February 8, 2008

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

Dear Mr. Yates,

We've received your letter regarding your concern and we've discuss the matter with our landlord Graham Center LLC. A copy of your letter has been given to our landlord for review as well.

Our landlord said they will contact you directly regarding this matter.

Sincerely,

Ping's Mandarin Restaurant

# Graham Center
## 3223 Webster Street
## San Francisco, CA 94123
### (415) 441-5943

February 18, 2008

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

      Re:   Ping' Mandarin Restaurant, 817 Francisco Boulevard West, San
             Rafael, CA 94901

Dear Mr. Yates:

      Thank you for your letter of January 25, 2008 regarding the restrooms at
Ping's Mandarin Restaurant. When you have an opportunity, please contact me
at the number above to discuss the questions you raised in your letter. I would
appreciate your input concerning improvements we can make to the restrooms.

                           Sincerely yours,

                           BENJAMIN R. WINSLOW

BRW:jc