UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>    Plaintiff,<br><br>  v.<br><br>GRAHAM CENTER, LLC,<br><br>    Defendant.<br>_____/ | Case No. C-08-05159 JCS<br><br>Related Case No. C-10-0739 JCS<br><br>**ORDER GRANTING MOTION BY DEFENDANT GRAHAM CENTER, LLC TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1); FRCP 12(h)(3)] (Case No. C-08-05159 JCS: Docket No. 26; Case No. C-10-0739 JCS: Docket No. 20)** |

## I. INTRODUCTION

Defendant Graham Center brings a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 20) ("the Motion") seeking dismissal of Plaintiff's first amended complaints in these two related cases on the grounds that: 1) Plaintiff's claims under the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*, are moot; and 2) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff does not dispute that the ADA claims are moot but contends that the Court should retain supplemental jurisdiction over his state law claims in the interest of judicial efficiency. The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b) and therefore **vacates the scheduled August 3, 2012 hearing. The Court also vacates the Case Management Conference set for the same date and time.** For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. ANALYSIS

Because Plaintiff has conceded that his federal claims are moot, the only issue left to decide is whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c)(3), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where "the district court has dismissed all claims over which it has original jurisdiction." In exercising that discretion, courts consider whether the exercise of supplemental jurisdiction is the interests of economy, convenience, fairness, and comity. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ( "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *Mine Workers v. Gibbs*., 383 U.S. 715, 726 (1966)). Having considered these factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims in these two related cases.

## III. CONCLUSION

For the reasons stated above, the Motion to Dismiss is GRANTED. Plaintiff's federal claims are dismissed on the grounds that they are moot. Plaintiff's state law claims are dismissed without prejudice on the basis that the Court declines to exercise supplemental jurisdiction over those claims in the absence of any remaining federal claims in this action. The Clerk is directed to close the files in these related cases.

IT IS SO ORDERED.

Date: July 26, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge